UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ALBERT E. BANKS, JR.** | **:** | **DOCKET NO. 22-cv-0697** |
| **D.O.C. # 233288** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **JOSHUA CRADDOCK, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Banks filed a complaint pursuant to 42 U.S.C. §1983 on March 14, 2022. Doc. 1. Contemporaneously with the filing of his complaint, Banks filed a Motion to Appoint Counsel (doc. 3) and subsequently filed a Motion for Discovery (doc. 6), which are presently pending before this Court.

**A. Motion to Appoint Counsel**

Plaintiff's Motion to Appoint Counsel is DENIED. Congress has not specifically authorized courts to appoint counsel for plaintiffs proceeding under 42 U.S.C. §1983. "Generally, no right to counsel exists in §1983 actions [but] appointment of counsel should be made as authorized by 28 U.S.C. §1915 where 'exceptional circumstances' are present." *Robbins v. Maggio*, 750 F.2d 405 (5th Cir. 1985). Pursuant to 28 U.S.C. §1915(e)(1), federal courts are given the power to request that an attorney represent an indigent plaintiff. In the case of *Mallard v. United States District Court for the Southern District*, 109 S. Ct. 1814, 1818 (1989), the United States Supreme Court held that federal courts can only request that an attorney represent a person unable to employ counsel because federal courts are not empowered under 28 U.S.C. §1915(e)(1) to make compulsory appointments.

-2-

Although courts can request that an attorney represent an indigent plaintiff, the court is not required to make this request in the absence of "exceptional circumstances." See *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989). No precise definition of "exceptional circumstances" is available, but the United States Fifth Circuit Court of Appeal has provided a litany of factors for lower courts to consider in determining whether the plaintiff is entitled to have the court request that counsel assist him in his suit. It is proper for the court to consider the following factors: the type and complexity of the case; the plaintiff's ability to adequately present and investigate his case; the presence of evidence which largely consists of conflicting testimony so as to require skill in presentation of evidence and cross-examination; and the likelihood that appointment will benefit the petitioner, the court, and the defendants by "shortening the trial and assisting in just determination." See *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992), citing *Murphy v. Kellar*, 950 F.2d at 293, n.14; *see also Ulmer*, 691 F.2d. at 213, and *Jackson*, 864 F.2d. at 1242.

Plaintiff's claims are not atypical of those often asserted in civil rights litigation and are not complex. Of course, should the court ultimately determine that either formal discovery or an evidentiary hearing is necessary, the court must appoint counsel; but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court. *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). Accordingly, plaintiff's request for appointment of counsel is DENIED, as the circumstances presented herein are not "exceptional" so as to warrant the appointment of counsel. *Id*. at p.3.

-3-

**B. Motion for Discovery**

Plaintiff's Motion for Discovery is also DENIED, as this civil action remains on initial review pursuant to 28 U.S.C. §§1915 and 1915A. At this stage in the proceedings, discovery is not necessary to proceed.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Appoint Counsel (doc. 3) and Motion for Discovery (doc. 6) are **DENIED**.

THUS DONE AND SIGNED in Chambers this 26th day of May, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE